1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10
11    RANDAL N. WIIDEMAN,                    )
            #22306                                       )
                                                              )
12             Plaintiff,                          )          3:11-cv-00155-ECR-RAM
                                                              )
13    vs.                                              )
                                                              )          **SCREENING ORDER**
14    STATE OF NEVADA, *et al.*,            )
                                                              )
15             Defendants.                       )
      _____/

16

17             This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  The court now

18    reviews plaintiff's amended complaint (docket #10).

19    **I. Screening Pursuant to 28 U.S.C. § 1915A**

20             Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

21    redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §

22    1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are

23    frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from

24    a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings,

25    however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir.

26    1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that

1    a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

2    violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42,

3    48 (1988).

4            In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

5    Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

6    poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may

7    be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.

8    § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is

9    provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

10   § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses

11   a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions

12   as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

13   not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

14           Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

15   *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim

16   is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

17   would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making

18   this determination, the court takes as true all allegations of material fact stated in the complaint, and the

19   court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d

20   955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than

21   formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

22   U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed

23   factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp.*

24   *v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic recitation of the elements of a cause of action

25   is insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

26

1        Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

2 because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft*

3 *v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  "While legal conclusions can provide the framework of a

4 complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual

5 allegations, a court should assume their veracity and then determine whether they plausibly give rise to

6 an entitlement to relief. *Id.*  "Determining whether a complaint states a plausible claim for relief [is] a

7 context-specific task that requires the reviewing court to draw on its judicial experience and common

8 sense." *Id.*

9        Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the

10 prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

11 conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

12 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

13 allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

14 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

15 **II.  Instant Complaint**

16        In his amended complaint, plaintiff, who is incarcerated at Ely State Prison ("ESP"), has

17 sued Warden E.K. McDaniel.  Plaintiff alleges the following in count II: he requested a legal handbook

18 from the National Lawyers Guild.  Administrative Regulation ("AR") 750 provides that privileged legal

19 mail includes mail from a recognized legal assistance agency and exempts such legal mail from the

20 twenty-page limit that applies to most incoming mail.  On May 24, 2010, when the requested publication

21 arrived, the ESP mailroom sent plaintiff an unauthorized mail notification and the stated reason was that

22 the publication exceeded the twenty-page limit.  McDaniel denied plaintiff's grievance.  Plaintiff claims

23 this violates his First Amendment rights.

24        Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*,

25 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, not every infringement on this right rises to the

26 level of a constitutional violation.  Prison officials may justifiably censor outgoing mail under certain

3

circumstances and may visually inspect outgoing mail to determine whether it contains contraband material that threatens prison security or material threatening the safety of the recipient. *See Procunier v. Martinez*, 416 U.S. 396, 412 (1974); *Witherow*, 52 F.3d at 266; *Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986). Prison regulations concerning incoming mail should be analyzed under the factors set forth in *Turner v. Safely*. 482 U.S. 78, 89 (1987). A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." *Id*. Turner sets forth four factors: first, there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it, and the governmental objective must itself be a legitimate and neutral one. A second consideration is whether alternative means of exercising the right on which the regulation impinges remain open to prison inmates. A third consideration is the impact accommodation of the asserted right will have on guards, other inmates, and the allocation of prison resources. Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation. *Allen v. Toombs*, 827 F.2d 563, 567 (9th Cir. 1987) (citing *Turner v. Safley*, 482 U.S. at 89-91). The first factor is most important. *See Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005). Count II states First Amendment claims against defendant.

In count I, plaintiff alleges that McDaniel's policy of using the "paging system" of legal assistance at ESP violates his right to access to the courts. However, the court takes judicial notice of its docket, and plaintiff has alleged that the paging system is unconstitutional and violates his right to access to the courts in another action pending before this court:   3:11-cv-00174-ECR-RAM. Accordingly, count I is dismissed as duplicative. The court has granted plaintiff leave to file an amended complaint in 3:11-cv-00174-ECR-RAM. If plaintiff chooses to file an amended complaint in 3:11-cv-00174-ECR-RAM, he shall set forth all claims related to the ESP paging system.

**III.  Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's First Amendment claim regarding the National Lawyers Guild publication set forth in his amended complaint (docket #10) **MAY PROCEED**.

4

1      **IT IS FURTHER ORDERED** that count I of plaintiff's amended complaint is

2  **DISMISSED with prejudice**.

3      **IT IS FURTHER ORDERED** as follows:

4      1. The Clerk **shall electronically serve a copy of this order on the Office of the Attorney**

5  **General of the State of Nevada, to the attention of Pamela Sharp**.

6      2. Defendant(s) shall file and serve an answer or other response to the complaint within **thirty**

7  **(30) days** of the date of entry of this Order.

8      **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or,

9  if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or

10  other document submitted for consideration by the court.  Plaintiff shall include with the original paper

11  submitted for filing a certificate stating the date that a true and correct copy of the document was mailed

12  to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff

13  shall direct service to the individual attorney named in the notice of appearance, at the address stated

14  therein.  The court may disregard any paper received by a district judge or a magistrate judge that has

15  not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

16      **IT IS FURTHER ORDERED** that the Clerk of Court **shall file** a copy of this order in

17  WIIDEMAN V. STATE, 3:11-cv-00174-ECR-RAM.

18

19

20      DATED this 26th day of May 2011.

21

22

23  _____

24  UNITED STATES DISTRICT JUDGE

25

26

5